IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case No. 0:21-cv-62262

MARY BEESON, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

NATIONSTAR MORTGAGE LLC d.b.a.
MR. COOPER AS SUCCESSOR BY
MERGER TO SETERUS, INC.,

        Defendant.

## NATIONSTAR MORTGAGE LLC'S NOTICE OF REMOVAL

Nationstar Mortgage LLC ("Nationstar"), by counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby notifies this Court that it is removing the above-captioned civil action currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. In support of this Notice of Removal, Nationstar states as follows:

**I.    BACKGROUND AND PROCEDURAL POSTURE**

1. Plaintiff Mary Beeson ("Plaintiff") filed a Complaint against Nationstar in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on September 10, 2021, in a case styled as *Mary Beeson, et al. v. Nationstar Mortgage LLC,* Case No. CACE-21-017153, Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action").

2. Nationstar was served with the Summons and Complaint on October 1, 2021.

3. This Notice of Removal is being filed with this Court within thirty (30) days of service of the Summons and Complaint as required by 28 U.S.C. § 1446(b).[1]

4. True and correct copies of all process, pleadings and orders served upon Nationstar in the State Court Action are attached hereto as composite **Exhibit A**.

5. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the sole cause of action asserted in Plaintiff's Complaint is an alleged violation of the Real Estate Settlement Procedures Act ("RESPA").

6. In accordance with 28 U.S.C. § 1446(d), Defendant Nationstar has contemporaneously filed in the State Court Action a Notice of Filing of Notice of Removal, and will attach a copy of this Notice of Removal thereto. A copy is attached hereto as **Exhibit B**.

7. In accordance with 28 U.S.C. § 1446(d), Defendant Nationstar has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on counsel for Plaintiff.

8. As required by 28 U.S.C. § 1441, Defendant Nationstar seeks to remove this case to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, which is the proper venue for this action because it is the federal district court that embraces the place where the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

9. In filing this Notice of Removal, Nationstar does not waive and specifically reserves any and all defenses, exceptions, rights, and motions, including but not limited to failure

---

[1] The thirtieth day from the date of service was Sunday, October 31, 2021. Accordingly, the removal deadline is Monday, November 1, 2021. *See* Fed. R. Civ. P. 6(a) ("When the time period is stated in days or a longer unit of time: (1) exclude day of the event that triggers the period; (2) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (3) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); *see also Noble v. Bradford Marin, Inc.,* 789 F. Supp. 395, 397 (S.D. Fla. 1992) (noting that time limits in removal statutes are "construed in accordance with Rule 6 of the Federal Rule of Civil Procedure"); *Jenkins v. D.C.,* 79 F. Supp. 3d 265 (D. D.C. 2015) (finding removal timely where notice of removal was filed on the thirty-first day from service and the thirtieth day was a Sunday).

to properly effectuate service of process. No statement or omission in this Notice shall be deemed an admission of any of the allegations of or relief sought in the Complaint.

10. As set forth below, this case is properly removed to this Court because this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## II. THE COURT HAS FEDERAL QUESTION JURISDICTION

11. Removal is proper under 28 U.S.C. § 1441 because this United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. Section 1331 provides that the District Courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12. The sole cause of action in Plaintiff's Complaint asserts a violation of RESPA, a federal statute. Specifically, Plaintiff alleges that Nationstar failed to provide her and other putative class members with notice of the right to appeal their respective loss mitigation applications in violation of 12 U.S.C. § 2605(k)(1)(E) and 12 C.F.R. § 1024.41(c)(1)(ii). Compl. ¶¶ 28-33; 40-51. *See generally* Compl.

13. Because RESPA is a federal statute, and Plaintiff's sole claim arises under this statute, federal question jurisdiction exists. *See, e.g.*, *Graham v. Ocwen Loan Servicing, LLC*, Case No. 16-80011-CIV-COHN/SELTZER, 2016 WL 1573177 (S.D. Fla. Apr. 19, 2016) (noting removal of RESPA claim based on federal-question jurisdiction); *Farson v. Carrington Mortg. Servs., LLC*, Case No. 8:13-cv-2289–VMC-TGW, 2013 U.S. Dist. LEXIS 150088 (M.D. Fla. Oct. 18, 2013) (noting removal of a RESPA and Truth in Lending Act claim was based on federal court's original jurisdiction).

14. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts

of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Young v. PNC Fin. Servs. Group*, Case No. 3:13-cv-344-MCR-EMT, 2013 U.S. Dist. LEXIS 98398 (N.D. Fla. July 13, 2013) (adopted by 2013 U.S. Dist. Lexis 98398 (N.D. Fla July 15, 2013)) (finding removal proper and denying remand because federal jurisdiction exists for claims under RESPA and other federal statutes).

15. Because Plaintiff's RESPA claim arises under the laws of the United States, removal of this entire action is appropriate under 28 U.S.C. § 1441(a) and (c) on the grounds that this Court has original jurisdiction over the claim arising under federal law.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Nationstar removes the above-captioned action now pending in the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and requests that said District Court assume exclusive jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: November 1, 2021.      MCGUIREWOODS LLP

By: */s/ Emily Y. Rottmann*
Emily Y. Rottmann (FL Bar No. 0093154)
Primary E-Mail: erottmann@mcguirewoods.com
Secondary E-Mail: clambert@mcguirewoods.com
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)
*Counsel for Defendant Nationstar Mortgage LLC*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Notice of Removal has been furnished by E-Mail on November 1, 2021, to the following:

Jessica L. Kerr
The Advocacy Group
FL Bar No. 92810
100 S. Biscayne Blvd., Suite 300
Miami, FL 33131
(954) 282-1858
service@advocacypa.com
*Attorney for Plaintiff*

                                                   */s/ Emily Y. Rottmann*
                                                 Emily Y. Rottmann