# EXHIBIT A

Filing # 135408667 E-Filed 09/27/2021 05:10:20 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

**MARY BEESON, individually and on**
**behalf of all others similarly situated,**

      Plaintiff,

CASE NO.: CACE21-017153

-vs-

**NATIONSTAR MORTGAGE LLC d.b.a.**
**MR. COOPER AS SUCCESSOR**
**BY MERGER TO SETERUS, INC.,**

      Defendant.

_____/

**Terry E. Barfield Jr.**
Certified Process Server ID #269
Second Judicial Circuit of Florida
Date: 10/1/20 21   Time: 1 20 pm

## **SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF SAID STATE:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition (amended or otherwise) in this action on defendant:

**NATIONSTAR MORTGAGE LLC d.b.a. MR. COOPER AS SUCCESSOR**
**BY MERGER TO SETERUS, INC.,**
c/o R.A. Corporation Service Company
1201 Hays Street, Tallahassee, FL 32301-2525

      Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney, whose name and address are as follows:

**Jessica Kerr, Esq.**
**100 S. Biscayne Blvd., Ste. 300, Miami, FL 33131**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED or    SEP 28 2021

Clerk of the Court

By _____

**BRENDA D. FORMAN**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, deve presentar su respuesta por escrito, incluyendo el numero del caso y los nomvres de las partes interesadas. Si usted no contesta la demnda a tiempo, pudies perder el caso y podria ser despojado de sus ingresos y propiendades, o prilvado de sus derechos, sin previo aviso del tribunal. Existen otros requisiltos leglales.  S no conoce a un aogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presemta su respuesta antel el tibuanal, devera usted enviar por correo o entregar una copia de sue respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demkndante o Abogado del Demandante).

## IMPORTANT

Des poursuites judicaiares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre wreponse ecrite,avec mention du numero de dossier ci-dessus et du nome des parties nommees ici, si vous shouhaitez que le tribuanl entende votre cause. Si vous ne deposez pas votre reponse ecrite
dans le relai requis, vous risquez de perdre la cause ainse que bkotre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pourriez requerir les services immediate d'un avocat. Si vvous ne connaissez pas d'avacat, vous pourriez telephoner a un servic de reference d'avacats ou a un burea d' assitance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vousmeme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat).

Filing # 134818155 E-Filed 09/17/2021 02:42:20 PM

### IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

| | |
|---|---|
| **MARY BEESON, individually and on behalf of all others similarly situated,** | Case No. CACE-21-017153 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| v. | **DEMAND FOR JURY TRIAL** |
| **NATIONSTAR MORTGAGE LLC d.b.a. MR. COOPER AS SUCCESSOR BY MERGER TO SETERUS, INC.,** | |
| Defendant. | |

Plaintiff Mary Beeson, individually, and on behalf of all others similarly situated, by and through counsel, brings this action against Defendant Nationstar Mortgage LLC d.b.a. Mr. Cooper as Successor by Merger to Seterus Inc. and states as follows for her Class Action Complaint:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Mary Beeson ("Plaintiff" or "Beeson") is a natural person residing in Broward County, Florida.

2.     Defendant Nationstar Mortgage LLC d.b.a. Mr. Cooper as Successor by Merger to Seterus Inc. ("Nationstar" or "Defendant") is a foreign corporation incorporated under the laws of the State of Delaware that maintains its headquarters and principal place of business 8950 Cypress Waters Boulevard, Dallas TX 75019 with Seterus Inc. having merged out of existence and into Nationstar effective on or about February 28, 2019.

3.     Nationstar does business in the state of Florida and is licensed to do business in the State of Florida as a foreign corporation.

4.     This Court has jurisdiction because the aggregated individual claims of class members exceed $30,000.

5.     Venue is proper in this forum because a substantial part of the events and occurrences that gave rise to the action occurred in and concerns real property located within Broward County.

## RESPA AND REGULATION X

6.     Congress enacted RESPA, in part, to ensure "that consumers throughout the nation are provided with greater and timelier information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). Since "Congress intended RESPA to serve consumer-protection purposes[,] RESPA's provisions relating to loan servicing procedures should be 'construed liberally' to serve the statute's remedial purpose." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665-666 (9th Cir. 2012) (citations omitted).

7.     RESPA was amended through the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—in part to add 12 U.S.C. § 2605(k) which imposed further obligations on servicers.

8.     Moreover, in January 2013, pursuant to the authority granted by the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules

concerning mortgage markets in the United States—known as "Regulation X" and codified as 12 C.F.R. § 1024.1, *et seq.* Regulation X became effective on January 10, 2014.

9.      Regulation X further expanded servicers' obligations under RESPA because RESPA, as amended, makes it unlawful for a servicer to "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

10.      The CFPB specifically issued 12 C.F.R. § 1024.41 to establish requirements for servicers to adhere to in relation to the review of borrowers' eligibility for loss mitigation options related to their mortgage loans.

11.      The CFPB specifically stated that "[a] borrower may enforce the provisions of [12 C.F.R. § 1024.41] pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))". 12 C.F.R. § 1024.41(a).

12.      Upon reviewing a complete loss mitigation application from a borrower, a servicer must generally, within thirty (30) days of receipt, evaluate the borrower for all loss mitigation options available and:

> Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program as provided for in paragraph (e) of this section, if applicable, and a ***notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in paragraph (h) of this section.***

12 C.F.R. § 1024.41(c)(1) (emphasis added).

13.    If a servicer receives a complete loss mitigation application from a borrower at least ninety (90) days before a foreclosure sale or during the pre-foreclosure review period defined by 12 C.F.R. § 1024.41(f)(1), "a servicer shall permit a borrower to appeal the servicer's determination to deny a borrower's loss mitigation application for any trial or permanent loan modification program available to the borrower." 12 C.F.R. § 1024.41(h)(1).

14.    Any such loss mitigation appeal "shall be reviewed by different personnel than those responsible for evaluating the borrower's complete loss mitigation application." 12 C.F.R. § 1024.41(h)(3).

## STATEMENT OF FACTS

15.    Nationstar is, and Seterus was, a mortgage "servicer" as that term is defined by 12 C.F.R. § 1024.2(b) and 12 U.S.C. § 2605(k). Seterus was the servicer of Plaintiff's and Class (defined *infra*) members' notes, and mortgages on real property that secure those notes (collectively referred to hereinafter as the "loans").

16.    Plaintiff's and Class members' loans are each a "federally related mortgage loan" as defined by RESPA and Regulation X. 12 U.S.C. § 2602(1); 12 C.F.R. § 1024.2(b).

17.    As such, Nationstar is, and Seterus was, subject to the requirements of RESPA and Regulation X, and does not qualify for the exception for "small servicers"—as defined by 12 C.F.R. § 1026.41(e)(4)—nor for the exemption for a "qualified lender"—as defined by 12 C.F.R. § 617.7000.

18.    At all times relevant, Plaintiff and Class members each resided in the homes secured by their respective mortgage loans and occupied these homes as their primary principal residences.

19.     Seterus was the servicer of Plaintiff's and Class members' loans.

20.     Plaintiff and Class members each submitted a complete loss mitigation application governed by and subject to the requirements of 12 C.F.R. § 1024.41 (the "Applications") to Seterus.

21.     Seterus received each of the Applications from Plaintiff and Class members at least ninety days prior to any scheduled foreclosure sale or at a time when no foreclosure sale was scheduled.

22.     Upon evaluating the borrower for all available loss mitigation options pursuant to the Applications, Seterus denied Plaintiff and each Class member for eligibility under one (1) or more loss mitigation options available.

23.     Seterus sent written notice to Plaintiff and each Class member advising of their denial for one (1) or more available loss mitigation options (the "Denials"), but Seterus failed to provide in each of the Denials, a notice that Plaintiff and each Class member had the right to appeal any such denial as well as the amount of time for and any requirements for making such an appeal as required by Regulation X, specifically 12 C.F.R. §§ 1024.41(c) and (h), and 12 U.S.C. § 2605(k)(1).

24.     Therefore, each of the Denials was inadequate to satisfy the requirements of 12 C.F.R. § 1024.41(c)(1)(ii).

25.     As a result of Seterus's failure to comply with RESPA and Regulation X in relation to the Applications and subsequent Denials, Plaintiff and Class were each harmed as each was not fully apprised of their rights to appeal the Denials and receive a renewed determination of eligibility for all available loss mitigation options from different personnel of

Seterus, was deprived of their opportunity for the same, was otherwise deprived of their opportunity to have the Denials overturned, and was deprived of being protected for additional time by the dual tracking protections of 12 C.F.R. §§ 1024.41(f)[1] and (g)[2].

26.    Plaintiff and Class members are asserting claims for relief against Nationstar for breach of the duties owed to them, pursuant to 12 U.S.C. §§ 2605(k)(1) and 12 C.F.R. § 1024.41.

27.    Plaintiff and Class members have a private right of action, pursuant to 12 U.S.C. § 2605(f), for the claimed breaches, and RESPA provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

### FACTS RELEVANT TO PLAINTIFF

28.    Plaintiff submitted a complete loss mitigation application to Seterus and Seterus received the same at a time when there was no foreclosure sale scheduled for Plaintiff's home.

29.    Seterus reviewed Plaintiff's application for any available loss mitigation options and subsequently sent correspondence to Plaintiff dated September 13, 2018 informing Plaintiff

---

[1] "If a borrower submits a complete loss mitigation application during the pre-foreclosure review period set forth in paragraph (f)(1) of this section or before a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, a servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless...*The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied.*" 12 C.F.R. § 1024.41(f)(2) (emphasis added).

[2] "If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless... *The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied.*" 12 C.F.R. § 1024.41(g) (emphasis added).

that they were denied eligibility for the following loss mitigation options: (1) Repayment; (2) Forbearance; (3) Cap and Extend Modification; (4) Fannie Mae Flex Modification; (5) Fannie Mae Non-Delegated Modification ("Plaintiff's Denial"). *See*, a copy of Plaintiff's Denial, attached as **Exhibit 1**.

30.    Seterus, through Plaintiff's Denial, did not provide notice that Plaintiff had the right to appeal the denials or the amount of time for and any requirements for making such an appeal. *See*, Exhibit 1.

31.    The *only* reference to an appeal in Plaintiff's Denial stated as follows which is plainly insufficient to satisfy the requirements of 12 C.F.R. § 1024.41(c)(1)(ii):

> Be aware that, if you appeal a denial of assistance and then do not make your scheduled payments or your Trial Period Plan payments (if we offered you a Trial Period Plan) while your appeal is being considered, your mortgage loan will be delinquent. In addition, unpaid interest and other unpaid amounts, such as escrows for taxes and insurance, will continue to accumulate, increasing the amount you owe on the loan. Short sale and Mortgage Release denials cannot be appealed.

*See*, Exhibit 1.

32.    Unaware of their right to do so, Plaintiff failed to appeal the denials for eligibility contained in Plaintiff's Denial.

33.    Plaintiff was harmed by Seterus's actions as Plaintiff was not fully apprised of her rights to appeal the denials for eligibility contained in Plaintiff's Denial and accordingly failed to appeal said denials which deprived her of a renewed determination of eligibility for all available loss mitigation options from different personnel of Seterus, of her opportunity to have said denials overturned, and of being protected for additional time by the dual tracking protections, and of being protected for additional time by the dual tracking protections of 12 C.F.R. §§ 1024.41(f) and (g).

## CLASS ACTION ALLEGATIONS

34.    **Class Definition**: Plaintiff brings this action pursuant to Rule 1.220 of the Florida

Rules of Civil Procedure on behalf of a class of similarly situated individuals and entities (the

"Class"), defined as follows:

> All loan borrowers in the United States (1) who had their loans serviced by
> Seterus Inc., (2) who submitted a complete loss mitigation application ninety (90)
> or more days prior to any scheduled foreclosure sale, before any foreclosure sale
> was scheduled, or prior to the initiation of foreclosure proceedings, (3) for whom
> Seterus Inc. had not previously reviewed a complete loss mitigation application in
> compliance with 12 C.F.R. § 1024.41, (4) to whom Seterus Inc. sent a denied for
> eligibility for one (1) or more available loss mitigation options; (5) and to whom
> Nationstar did not advise of their right to appeal any such denial or the amount of
> time for and any requirements for making such an appeal.

> Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries,
> parents, successors, predecessors, and any entity in which Defendant or its parents
> have a controlling interest, and those entities' current and former employees,
> officers, and directors; (2) the Judge to whom this case is assigned and the Judge's
> immediate family; (3) any person who executes and files a timely request for
> exclusion from the Class; (4) any persons who have had their claims in this matter
> finally adjudicated and/or otherwise released; (5) the legal representatives,
> successors and assigns of any such excluded person; and (6) any person whose
> Inquiry did not expressly request the name or number of the securitized trust or
> pool *and* the Federal National Mortgage Association or the Federal Home Loan
> Mortgage Corporation was the owner of the loan or the trustee of the
> securitization trust in which the loan was held.

35.    **Numerosity and Ascertainability**: Upon information and belief, the Class is

comprised of more than forty (40) members, such that Class is so numerous that joinder of all

members is impractical. This conclusion is reasonable because at the time of Nationstar's

purchase of Seterus, Seterus serviced loans for more than 300,000 customers.[3] The exact number of members in the Class is presently unknown and can only be ascertained through discovery. Class members can easily be identified through Defendant's records or by other means.

36.     **Commonality and Predominance:** All members of the Class have been subject to and affected by a uniform course of conduct; specifically, Seterus refusing or otherwise failing to advise distressed borrowers of their right to appeal any denials of eligibility for available loss mitigation options in violation of the express requirements of Regulation X. There are questions of law and fact common to the proposed Class that predominate over any individual questions, including:

a.   Whether Seterus's Denials failed to comply with the requirements of RESPA and Regulation X;

b.   Whether Seterus's practice of failing to properly notify borrowers of their right to appeal loss mitigation denials through the Denials is a sustained pattern and practice of noncompliance with RESPA and Regulation X;

c.   Whether Plaintiff and Class members suffered actual damages, and the measure and amount of those damages; and,

d.   Whether Plaintiff and Class members are entitled to recover statutory damages.

37.     **Typicality:** Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members each received Denials that failed to properly advise of their right to appeal

---

[3] *See*, Mr. Cooper complete acquisition of IBM's Seterus mortgage servicing platform, *Housing Wire*          (published          March          1,          2019), https://www.housingwire.com/articles/48332-mr-cooper-completes-acquisition-of-ibms-seterus-mortgage-servicing-platform/ (last accessed September 9, 2021).

denials of their eligibility for one (1) or more loss mitigation options as required by 12 C.F.R. § 1024.41(c)(1), and Plaintiff and Class members incurred damages as a result.

38.     **Adequacy**: Plaintiff will adequately represent the interests of the Class and does not have adverse interests to the Class. Plaintiff's counsel has extensive experience litigating consumer class actions.

39.     **Superiority**: A class action is the superior method for the quick and efficient adjudication of this controversy. If individual Class members prosecuted separate actions, it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct.  Moreover, given the relatively small amount of damages available to Plaintiff and Class members, adjudication on a classwide basis would provide Class members with a remedy that they may be unlikely to pursue individually.

**COUNT I**
**(Violations of 12 U.S.C. §§ 2605(k)(1)(E), and 12 C.F.R. § 1024.41(c)(1))**
**(On behalf of Plaintiff and the Class**

40.     Plaintiff repeats and realleges paragraphs 1 through 40 with the same force and effect as though fully set forth herein.

41.     Plaintiff and Class members each submitted Applications to Seterus.

42.     Seterus received each of the Applications from Plaintiff and Class members at least ninety days prior to any scheduled foreclosure sale or at a time when no foreclosure sale was scheduled.

43.     Upon evaluating the borrower for all available loss mitigation options pursuant to the Applications, Seterus denied Plaintiff and each Class member for eligibility under one (1) or more loss mitigation options available.

44.     Seterus sent Denials to Plaintiff and each Class member advising of their denial of eligibility for one (1) or more available loss mitigation options, but Seterus failed to provide in each of the Denials a notice that Plaintiff and each Class member had the right to appeal any such denial as well as the amount of time for and any requirements for making such an appeal as required by Regulation X, specifically 12 C.F.R. §§ 1024.41(c) and (h), and 12 U.S.C. § 2605(k)(1).

45.     Each of the Denials was inadequate to satisfy the requirements of 12 C.F.R. § 1024.41(c)(1)(ii).

46.     Seterus's actions in sending the insufficient Denials to Plaintiff and each Class member constitute violations of 12 U.S.C. §§ 2605(k)(1)(E) and 12 C.F.R. § 1024.41(c)(1).

47.     As a result of Seterus's failure to comply with RESPA and Regulation X in relation to the Applications and subsequent Denials, Plaintiff and Class were each harmed as each was not fully apprised of their rights to appeal the Denials and receive a renewed determination of eligibility for all available loss mitigation options from different personnel of Seterus, was deprived of their opportunity for the same, was otherwise deprived of their opportunity to have the Denials overturned, and was deprived of being protected for additional time by the dual tracking protections of 12 C.F.R. §§ 1024.41(f) and (g).

48.     Seterus evaded its legal obligations and has effectively stripped borrowers of their full rights and protections under RESPA and Regulation X and Seterus engaged in a pattern and practice of behavior of providing incomplete, evasive, or inaccurate information in response to such inquiries.

49.     As the surviving entity from the merger of Seterus and Nationstar, Nationstar is liable to Plaintiff and Class members for the violations of RESPA and Regulation X pleaded herein.

50.     Seterus's actions were in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiff's and Class members' rights.

51.     As a result of Seterus's actions, Nationstar is liable to Plaintiff and Class members for actual damages, statutory damages, costs, and attorneys' fees. 12 U.S.C. §§ 2605(f)(2)-(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mary Beeson, individually, and on behalf of the Class, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

B. Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff and against Defendant;

D. Awarding Plaintiff and the Class their actual damages and statutory damages as allowed under RESPA;

E. Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

F. Granting all such further and other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues.

Dated: September 17, 2021.

Respectfully submitted,

**THE ADVOCACY GROUP**
CoCounsel for Plaintiff
100 S. Biscayne Blvd., Ste 300
Miami, FL 33131
Telephone: (954) 282-1858
Facsimile: (954)282-8277
Email: service@advocacypa.com
Fla. Bar No. 92810

*/s/ Jessica L. Kerr*
Jessica L. Kerr, Esq.

# seterus™

PO Box 1077; Hartford, CT 06143-1077

*L628V*

BEESON, MARY
c/o NEW REGS ADVISORY GROUP
3350 NE 12TH AVE, #23032
OAKLAND PARK, FL 33334

## *Important information regarding your request for assistance.*

Loan number: ███████, serviced by Seterus, Inc.

September 13, 2018

Dear BEESON, MARY:

Thank you for your recent request for assistance with your mortgage loan. While your request was carefully considered, your loan could not be approved for assistance at this time for the following reason(s):

| DECISION DATE | PROGRAM | REASON FOR DENIAL |
|---|---|---|
| 9/13/2018 | Repayment | The information you provided does not indicate that you have sufficient available income to cover your current contractual payment plus an extra amount that would bring the loan current within an acceptable period of time. |
| 9/13/2018 | Forbearance | You are not eligible for a forbearance plan at this time because you do not meet the eligibility criteria for an unemployment or general hardship plan set forth below. For an unemployment forbearance plan, you must be unemployed and meet all of the following: • The property is your primary residence and is not vacant, condemned, or abandoned. • You have not previously declined a forbearance plan. |

Seterus NMLS ID Number: 787641. THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. **COLORADO:** SEE WWW.COAG.GOV/CAR FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY:** 1411669, 1411665, 1411662. **TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

Seterus, Inc.
14523 SW Millikan Way, Suite 200
Beaverton, OR 97005

Business Hours (Pacific Time)
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

BEESON, MARY
September 13, 2018
Loan number: ███████

| | | • Your current mortgage payment exceeds the monthly mortgage to gross income ratio requirement.<br>• The plan does not result in you becoming more than 12 months past the contractual payment due date.<br><br>If you are already on an unemployment forbearance plan, you did not meet one or more of the above eligibility requirements or you exceeded the maximum cash reserve requirement to qualify for an extension. For a general hardship forbearance plan, you must meet all of the following:<br>• You must be at risk of defaulting or be 90 days or less past due.<br>• Your current mortgage payment must exceed the monthly mortgage to gross income ratio requirement.<br>• We must be able to get a plan payment within the program parameters.<br>In addition, you must meet at least one of the following:<br>• A hardship exists due to costs associated with certain drywall problems on the property securing your loan. The drywall must have been new when installed and installed between 2001 and 2008.<br>• You or a co-borrower is a U.S. service member injured on active duty, which is impacting your ability to pay your mortgage payment.<br>• You are unable to make your mortgage payment due to the death of a borrower or family member of a borrower who contributed at least 25% to the mortgage payment.<br>• You have a hardship due to a natural disaster against which you were not insured.<br>• You have an unavoidable reduction in income of at least 50%. |

Seterus, Inc.
14523 SW Millikan Way, Suite 200
Beaverton, OR 97005

Business Hours (Pacific Time)
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

BEESON, MARY
September 13, 2018
Loan number: ███████

| | | • You have an involuntary distant transfer of employment, including permanent change of station orders.<br>• You have a hardship caused by divorce or separation, and you were legally awarded the property.<br>• You have a hardship due to an illness against which you were not insured or have a pending settlement of a disability or major medical claim.<br>• You have a hardship but have substantial equity in the property, which is listed for sale. |
|---|---|---|
| 9/13/2018 | Cap and Extend Modification | Your loan does not meet the delinquency requirements of the program.  Eligible loans are between 60 days delinquent to 6 months delinquent. |
| 9/13/2018 | Fannie Mae Flex Modification | We could not calculate, within program guidelines, a post-modification principal and interest payment that was lower than your current principal and interest payment. |
| 9/13/2018 | Fannie Mae Non Delegated Modification | The loan was not submitted to the investor for evaluation of this program because the eligibility requirements were not met. |

Fannie Mae has denied your request. Fannie Mae is the owner of your mortgage loan, but does not perform servicing functions. All inquiries and monthly payments must be directed to Seterus. In the event you find it necessary to contact Fannie Mae, send your correspondence to Fannie Mae, 3900 Wisconsin Ave, NW, Washington, DC 20016-2892

**You may have other options to avoid foreclosure. If any of the following applies to you, call us today at 866.570.5277 to see how we can help:**
- Your circumstances have changed since your original request for assistance.
- You can provide additional documentation to support your request for help.
- You would like information about other alternatives to foreclosure.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance

Seterus, Inc.
14523 SW Millikan Way, Suite 200
Beaverton, OR 97005

Business Hours (Pacific Time)
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m to 6 p.m.

BEESON, MARY
September 13, 2018
Loan number: ███████

with this law is The Federal Trade Commission, Equal Credit Opportunity, 600 Pennsylvania Avenue, NW, Washington, DC 20580.

Our credit decision was based in whole or in part on information in a credit report from Equifax, a consumer credit reporting agency. While the information was provided by the agency, the agency played no part in our decision and is unable to supply specific reasons for our decision. You have a right under the Fair Credit Reporting Act to obtain a copy of your credit report from the agency. The report will be free if you request it within 60 days after you receive this notice. You also have the right to dispute the accuracy or completeness of any information in your report with Equifax. You may contact them by phone at 800.685.1111 or by mail at Equifax Credit Information Service, PO Box 740256 , Atlanta, GA 30374.

Eligibility for assistance is at our discretion and not all applicants qualify. We cannot guarantee that you will receive any assistance or a particular type of assistance. This letter should not be construed as a waiver of our rights or the loan owner's rights under the loan documents and any state or federal laws to collect amount owed on your loan.

The Homeowner's HOPE™ Hotline, 888.995.HOPE (ask for "MHA Help"), provides information on foreclosure prevention*. We urge you to become familiar with options that may be available to you.

If you have any questions, please contact us at 866.570.5277. For borrowers having difficulty making payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.


* If the loan is subject to foreclosure protection under the Servicemembers Civil Relief Act or other similar state law for service members, then we will not proceed with foreclosure activity during the length of the foreclosure protection. Any mention of foreclosure-prevention alternatives in this document is for your information only. We encourage you to pursue these programs to assist you with a hardship, even if you are not facing foreclosure in the near future.

Seterus, Inc.
14523 SW Millikan Way, Suite 200
Beaverton, OR 97005

Business Hours (Pacific Time)
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

# seterus™

**HOMEOWNER ASSISTANCE EVALUATION SUMMARY**

Loan number: ▮▮▮▮▮▮

Based on a review of your loan, we are unable to make an offer to you at this time. The following table contains the list of all of the options for which you were evaluated, along with the reasons you were denied. If you have any questions, please contact us at 866.570.5277.

| OPTION | ELIGIBILITY |
|--------|-------------|
| Repayment | Denied. The information you provided does not indicate that you have sufficient available income to cover your current contractual payment plus an extra amount that would bring the loan current within an acceptable period of time. |
| Forbearance | Denied. You are not eligible for a forbearance plan at this time because you do not meet the eligibility criteria for an unemployment or general hardship plan set forth below.<br>For an unemployment forbearance plan, you must be unemployed and meet all of the following:<br>• The property is your primary residence and is not vacant, condemned, or abandoned.<br>• You have not previously declined a forbearance plan.<br>• Your current mortgage payment exceeds the monthly mortgage to gross income ratio requirement.<br>• The plan does not result in you becoming more than 12 months past the contractual payment due date.<br><br>If you are already on an unemployment forbearance plan, you did not meet one or more of the above eligibility requirements or you exceeded the maximum cash reserve requirement to qualify for an extension.<br>For a general hardship forbearance plan, you must meet all of the following:<br>• You must be at risk of defaulting or be 90 days or less past due.<br>• Your current mortgage payment must exceed the monthly mortgage to gross income ratio requirement.<br>• We must be able to get a plan payment within the program parameters.<br>In addition, you must meet at least one of the following:<br>• A hardship exists due to costs associated with certain drywall problems on the property securing your loan. The drywall must have been new when installed and installed between 2001 and 2008.<br>• You or a co-borrower is a U.S. service member injured on active duty, which is impacting your ability to pay your mortgage payment. |

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT, BUT NOTICE OF POSSIBLE ENFORCEMENT OF OUR LIEN AGAINST THE COLLATERAL PROPERTY. **COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY:** 1411669, 1411665, 1411662. **TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR.

| | • You are unable to make your mortgage payment due to the death of a borrower or family member of a borrower who contributed at least 25% to the mortgage payment.<br>• You have a hardship due to a natural disaster against which you were not insured.<br>• You have an unavoidable reduction in income of at least 50%.<br>• You have an involuntary distant transfer of employment, including permanent change of station orders.<br>• You have a hardship caused by divorce or separation, and you were legally awarded the property.<br>• You have a hardship due to an illness against which you were not insured or have a pending settlement of a disability or major medical claim.<br>• You have a hardship but have substantial equity in the property, which is listed for sale. |
|---|---|
| Cap and Extend Modification | Denied. Your loan does not meet the delinquency requirements of the program.  Eligible loans are between 60 days delinquent to 6 months delinquent. |
| Flex Modification | Denied. We could not calculate, within program guidelines, a post-modification principal and interest payment that was lower than your current principal and interest payment. |
| Fannie Mae Non-Delegated Modification | Denied. The loan was not submitted to the investor for evaluation of this program because the eligibility requirements were not met. |
| Short Sale | Denied. You may be eligible, but we do not have complete documents from you for this program type. We did not evaluate you for this program based on any other criteria. |
| Mortgage Release™ | Denied. You may be eligible, but we do not have complete documents from you for this program type. We did not evaluate you for this program based on any other criteria. |

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract), or because all or part of the applicant's income derives from any public assistance program, or because the applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law is The Federal Trade Commission, Equal Credit Opportunity, 600 Pennsylvania Avenue, NW, Washington, DC 20580.

Our credit decision was based in whole or in part on information in a credit report from Equifax, a consumer credit reporting agency. While the information was provided by the agency, the agency played no part in our decision and is unable to supply specific reasons for our decision. You have a right under the Fair Credit Reporting Act to obtain a copy of your credit report from the agency. The report will be free if you request it within 60 days after you receive this notice. You also have the right to dispute the accuracy or completeness of any information in your report with Equifax. You may contact them by phone at 800.685.1111 or by mail at Equifax Credit Information Service, PO Box 740256 , Atlanta, GA 30374.

Be aware that, if you appeal a denial of assistance and then do not make your scheduled payments or your Trial Period Plan payments (if we offered you a Trial Period Plan) while your appeal is being considered, your mortgage loan will be delinquent. In addition, unpaid interest and other unpaid amounts, such as escrows for taxes and insurance, will continue to accumulate, increasing the amount you owe on the loan. Short sale and Mortgage Release denials cannot be appealed.

The Homeowner's HOPE™ Hotline, 888.995.HOPE (4673), provides information on homeowner assistance. We urge you to become familiar with options that may be available to you.

Eligibility for assistance is at our discretion, and not all applicants qualify. We cannot guarantee that you will receive any assistance or a particular type of assistance. This letter should not be construed as a waiver of our rights, or the loan owner's rights, to collect the amount owed on your loan, under the terms of your loan agreement and any applicable state and federal laws.